## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROY LAWRENCE PHELPS,
*Defendant-Appellant.*

Douglas County Circuit Court
13CR1789FE; A158068

390 P3d 1123

Ernest G. Lannett, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

PER CURIAM

A jury found defendant guilty of three counts of first-degree sexual abuse based on three separate but successive instances of unlawful sexual contact with the victim. The trial court merged the guilty verdicts on Counts 1 and 2 into a single conviction, and entered a separate conviction on Count 3. On appeal, defendant assigns error to the trial court's refusal to give a "weaker and less satisfactory evidence" jury instruction. We reject that assignment without written discussion. Defendant also assigns error to the entry of two first-degree sexual abuse convictions, arguing that the trial court should have merged the guilty verdict on Count 3 with the guilty verdicts on Counts 1 and 2; thus, the court should have entered a single conviction for first-degree sexual abuse for Counts 1 to 3.

We agree with defendant that our recent decision in *State v. Nelson*, 282 Or App 427, 386 P3d 73 (2016), supports merger of the guilty verdicts for Counts 1 to 3 into a single conviction. First, we rejected the argument in *Nelson* that the state makes here—that ORS 161.067(3) does not apply because defendant's separate but successive acts of sexual contact do not constitute the "same conduct or criminal episode" within the meaning of that statute. *Id.* at 442. Similarly, the state's argument on that point fails here.

Second, applying ORS 161.067(3) in *Nelson*, we determined that the record in that case did not contain sufficient evidence from which a trier of fact could have concluded that there was a "sufficient pause" between the separate but successive acts of unlawful sexual contact. 282 Or App at 446-47. That is, the evidence did not support a nonspeculative inference that "something of significance" occurred between the successive acts of sexual contact, and there was no evidence of a pause in the defendant's aggression sufficient to support a "nonspeculative inference that each crime was separated from the others by a sufficient pause in defendant's conduct to afford him an opportunity to renounce his criminal intent." *Id.* at 447. In the absence of such evidence, the trial court erred in failing to merge multiple guilty verdicts for first-degree sexual abuse into a single conviction. The record in this case is similarly deficient—*i.e.*, there is

insufficient evidence to support the trial court's finding of a "sufficient pause." Accordingly, we reverse and remand for the trial court to enter a single conviction for first-degree sexual abuse.

Reversed and remanded for entry of a single conviction for first-degree sexual abuse; remanded for resentencing; otherwise affirmed.